UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK R. LEE, et al.,** | § | |
| | § | |
|     **Plaintiffs,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-0226-B |
| | § | ECF |
| **CITY OF DALLAS, et al.,** | § | |
| | § | |
|     **Defendants.** | § | |

## MEMORANDUM ORDER

Before the Court is Defendants Laura Miller and Juan Ayala's Motion for a Reply Under Federal Rule of Civil Procedure 7(a) (doc. 23), filed September 1, 2005. After review of the pleadings, the Court **GRANTS** Defendants' Motion and **ORDERS** Plaintiffs to file a reply under Rule 7(a) tailored to Miller and Ayala's assertions of qualified immunity within **ten (10) days** of this Order.

### I. BACKGROUND

Plaintiffs Mark and Cheryl Lee ("Plaintiffs") filed this suit against Defendants Laura Miller ("Miller"), Juan Ayala ("Ayala"), and the City of Dallas ("the City"), seeking damages for alleged due process violations and malicious prosecution. According to Plaintiffs' Complaint, they parked their car outside a Dallas restaurant near a sign that permitted 2-hour parking. (Pls. Compl. ¶ 7) When they returned less than two hours later, they had received a parking ticket from Ayala, a Dallas police officer. (*Id.* at ¶ 8) After following up with the City's litigation division, Plaintiffs were informed that the area in which they had parked was a bus-loading zone and that cars were never permitted to park

there. (*Id.* at ¶ 10) Mr. Lee, an attorney, then traveled to Dallas for a hearing on the ticket. (*Id.* at ¶ 11) When he arrived, he was told that his ticket had been dismissed because "the hearing officer was aware of the problem with the signs in question." (*Id.* at ¶ 12) Thus, Plaintiffs did not have to pay the ticket, but Mr. Lee spent three hours traveling to Dallas to attend the hearing. (*Id.*)

Plaintiffs sued the City, Ayala, and Miller (the Mayor of Dallas) for due process violations and malicious prosecution in connection with Mr. Lee's three hour trip to Dallas to fight the ticket. All Defendants have responded, and Miller and Ayala asserted the affirmative defense of qualified immunity. Miller and Ayala filed the instant motion asking that the Court require Plaintiffs to file a Rule 7(a) reply under the authority of the Fifth Circuit's decision in *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc). Plaintiffs did not respond. The Court now turns to its decision.

## II. ANALYSIS

Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, a court is permitted to order a party to file a reply to an answer. In *Schultea*, the Fifth Circuit approved of and encouraged the use of a Rule 7(a) reply in cases involving assertions of qualified immunity. 47 F.3d at 1433-34. Specifically, the Fifth Circuit found that ordering a reply would help lay the groundwork for a motion to test the sufficiency of a claim involving qualified immunity. *Id.* at 1433. Indeed, the Fifth Circuit has gone so far as to say that when faced with "sparse details of claimed wrongdoing by officials," trial courts should "routinely" require plaintiffs to file a Rule 7(a) reply. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). A Rule 7(a) reply must be tailored to the assertions of qualified immunity and fairly engage the allegations raised in the defendant's answer. *Schultea*, 47 F.3d at 1433; *see also Reyes*, 168 F.3d at 161 (stating that there must be "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury").

Turning to the claims in this case, the Court agrees with Miller and Ayala that the allegations against them are vague and conclusory. The sole allegation linking Miller to this case is Plaintiffs' claim that Miller has "taken it upon herself" to direct that police officers issue "these tickets" and that Miller knew the parking signs were vague and confusing, but did nothing in order to raise revenue for Dallas and improve her public image. (Pls. Compl. ¶ 17) Similarly, the allegations against Ayala are that he issued an "unauthorized" ticket knowing that the parking signs were vague and confusing in order to fill a ticket quota. (*Id.* at ¶ 18) Given the lack of specificity in these allegations, the Court believes a Rule 7(a) reply would assist in clarifying the qualified immunity issues raised. Therefore, the Court **GRANTS** Miller and Ayala's Motion and **ORDERS** Plaintiffs to file a Rule 7(a) reply in compliance with the standard set out in *Schultea* within **ten (10) days** of this Order.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Miller and Ayala's Motion and **ORDERS** Plaintiffs to file a reply under Rule 7(a) tailored to Miller and Ayala's assertions of qualified immunity within **ten (10) days** of this Order.

**SO ORDERED**.

SIGNED October   19th   , 2005

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE